UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luckey Farmers, Inc.,                               Case No. 3:23-cv-1203

          Plaintiff,

v.                                                    ORDER

Dzurka Bros, LLC,

          Defendant.

On June 16, 2023, Defendant Dzurka Bros, LLC removed this action from the Sandusky County, Ohio Court of Common Pleas. (Doc. No. 1). Although Defendant's counsel cites the statute governing federal question jurisdiction, (*id.* at 1 and 4), he does not allege this action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Instead, he states, "Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a)." (*Id.* at 5).

To satisfy the complete diversity requirement of diversity jurisdiction, the dispute must be between citizens of different states. 28 U.S.C. § 1332(a)(1). "[A] limited liability company has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Accordingly, "[w]hen diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Id.*

As with his previous removals, Defendant's counsel has not satisfied this well-settled precedent.[1] Rather than stating Defendant's members and their respective citizenships, he states, "Defendant is a Michigan Limited Liability Company and has its principal place of business in the state of Michigan." (Doc. No. 1 at 5). Therefore, I cannot determine Defendant's citizenship or conclude diversity jurisdiction was properly invoked.

To maintain this action in federal court, *see* 28 U.S.C. § 1447(c), Defendant must supplement the Notice of Removal by filing an affidavit of jurisdiction on or before June 30, 2023. In the affidavit, Defendant shall identify each of its members and sub-members, if applicable. This "must be traced through however many layers of partners or members there may be." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). For each member and sub-member, Defendant shall state jurisdictional allegations sufficient for me to determine the citizenship of that member (e.g., the domicile of individuals, the place of incorporation and principal place of business of corporations).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

[1] *See Luckey Farmers, Inc. v. Histed*, No. 3:23-cv-926, Doc. No. 4 (N.D. Ohio May 8, 2023); *Luckey Farmers, Inc. v. Maple Row Farms, LLC*, No. 3:23-cv-927, Doc. No. 4 (N.D. Ohio May 8, 2023).