UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Luckey Farmers, Inc.,                                        Case No. 3:23-cv-1203

            Plaintiff,

v.                                                        ORDER

Dzurka Bros, LLC,

            Defendant.

On April 28, 2023, Plaintiff Luckey Farmers, Inc. filed this action in the Sandusky County, Ohio Court of Common Pleas. (Doc. No. 1-1). Defendant Dzurka Bros, LLC removed the case on June 16, 2023, (Doc. No. 1), and then filed its responsive pleading on June 22, 2023. (Doc. No. 4). Within this pleading, Dzurka answered the Complaint, but also asserted counterclaims against Luckey and third-party claims against Ida Farms Cooperative Company. Specifically, Dzurka brought claims against Luckey and Ida for: (1) violations of the Commodities Exchange Act ("CEA") (Counts I, II, and III); (2) recission under the Michigan Uniform Commercial Code (Count IV); (3) unjust enrichment (Count V); (4) negligence (Count VI); (5) fraud and fraud in inducement (Count VII); and (6) breach of contract (Count VIII).[1]

This was not the first time Dzurka asserted these exact claims. Instead, nearly two months earlier, it joined as a Plaintiff[2] to an original action in the United States District Court for the Eastern

---

[1] Dzurka also asserted these claims against AgriVisor LLC. AgriVisor LLC has been dismissed as a party to this action. (Doc. No. 29).

[2] Other Plaintiffs to this action were: Joseph Eickholt; Veronica Eickholt; Fergus Farms, LLC; R&L Farm and Freight, LLC; Christopher Histed; Maple Row Farms, LLC; Timothy Vergote; Douglas Wilkin; and Linda Wilkin.

District of Michigan and asserted these same eight counts against Luckey and Ida.  (*See Dzurka Bros., LLC v. Luckey Farmers, Inc.*, No. 1:23-cv-11038, Doc. No. 1 (E.D. Mich. May 3, 2023)).

Though filed by different counsel than counsel representing Dzurka in this action, the Eastern District of Michigan Complaint contains identical material allegations and claims as those asserted here.  In fact, the majority of the paragraphs supporting and stating these same claims appear to be verbatim from the Eastern District of Michigan Complaint.[3]  (*Compare* Doc. No. 4 at 7-54 *with Dzurka*, No. 1:23-cv-11038, Doc. No. 1).

In response to these practically identical pleadings, Luckey and Ida each filed substantively identical motions to dismiss in each action seeking dismissal of all claims.  (*See* Doc. No. 13 (Luckey) and Doc. No. 28 (Ida); *see also Dzurka*, No. 1:23-cv-11038, Doc. No. 13 (Luckey) and 19 (Ida)).

On January 24, 2024, United States District Judge Thomas L. Ludington issued a forty-one-page opinion granting both Luckey and Ida's motions to dismiss and dismissing all eight Counts on the merits with prejudice.  *See Dzurka Bros., LLC v. Luckey Farmers, Inc.*, No. 1:23-cv-11038, 2024 WL 268140 (E.D. Mich. Jan. 24, 2024).[4]

The next day, on January 25, 2024, Luckey and Ida jointly filed a Notice of Additional Authority, attaching Judge Ludington's Opinion and advising that it "may have precedential value on the Motions to Dismiss filed in this matter, and it appears Dzurka may have a *res judicata* issue in the present case with respect to its Counterclaims and Third-Party Complaint."  (Doc. No. 32 at 2).

---

[3] On September 26, 2023, Dzurka filed an Amended Third-Party Complaint against only Ida.  (Doc. No. 27).  While this amended pleading added facts, the claims remained the same.  (*Compare* Doc. No. 27 at 4-15 *with Dzurka*, No. 1:23-cv-11038, Doc. No. 1 at 38-48).  Because Dzurka could have sought to amend those earlier brought claims in the Eastern District of Michigan Complaint to add these allegations, these new allegations do not save the claims here from the effect of claim preclusion.

[4] In his opinion, Judge Ludington recognized that the claims before him mirrored the claims Dzurka seeks to assert here.  2024 WL 268140, at *4.

Dzurka has filed nothing in response to this Notice but did file a Notice of Appeal in the Eastern District of Michigan case on February 22, 2024. *See Dzurka*, No. 1:23-cv-11038, Doc. No. 27.

*Res judicata* or claim preclusion "generally refers to the effect of a prior judgment in foreclosing successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). The doctrine "mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented." *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).

Here, even a layperson could see that the claims brought in the Eastern District of Michigan on May 3, 2023, are "the very same claims" as those later brought here. Judge Ludington's January 24, 2024 Opinion and Order dismissing all eight Counts with prejudice was a final judgment on the merits. From Dzurka's appeal of that Opinion and silence in the face of the Notice of Additional Authority, I infer that Dzurka does not dispute the finality of this judgment or its preclusionary effect.

Because Judge Ludington's judgment bars any further litigation of Dzurka's counterclaims against Luckey and third-party claims against Ida, I dismiss those claims and deny the motions to dismiss as moot. (Doc. Nos. 13 and 28).

So Ordered.

                                                s/ Jeffrey J. Helmick
                                                United States District Judge